**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               Case No.   3:23-cv-1232-MMH-LLL

AMERIS BANK,

        Defendant.

_____/

## O R D E R

    **THIS CAUSE** is before the Court on the Joint Motion for Entry of Consent Order (Doc. 2; Motion), filed on October 19, 2023.   In the Motion, the parties request the entry of a proposed Consent Order (Doc. 2-1) resolving all claims brought in this action.   See Motion at 1.   While the Court wishes to support the parties in their efforts to resolve this case, the Court is unable to approve and enter the proposed Consent Order because, as explained below, it appears Part III.A. of the proposed Consent Order is unenforceable. Accordingly, the Court will deny the Motion without prejudice to the filing of a renewed motion which either includes a memorandum of law addressing the validity and enforceability of this provision or attaches a revised proposed Consent Order that alters or omits the problematic injunctive language in Part III.A.

As currently drafted, Part III.A. of the proposed Consent Order states as follows:

> Ameris, including all of its officers, agents, servants, employees, and all other persons in active concert or participation with them who have actual notice of this Consent Order, assignees, and successors in interest, is hereby enjoined from engaging in any act or practice that discriminates on the basis of race, color, or national origin that violates the FHA in any aspect of a residential real estate-related transaction, or violates ECOA and Regulation B in any aspect of a credit transaction.

See Proposed Consent Order at 4.  This provision broadly enjoins Defendant from engaging in any discriminatory act or practice that violates certain statutes and regulations.  As such, it appears to do no more than instruct Defendant to obey the law.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1200-01 (11th Cir. 1999); see also Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals has "held repeatedly that 'obey the law' injunctions are unenforceable."  See Smyth, 420 F.3d at 1233 n.14 (quoting Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1222-23 (11th Cir. 2000) (collecting cases)).  Significantly, "'[b]road, non-specific language that merely enjoins a party to obey the law . . . does not give the restrained party fair notice of what conduct will risk contempt.'"  See Hughey v. JMS Dev. Corp., 78 F.3d 1523, 1531 (11th Cir. 1996) (quoting Epstein Family P'ship v. Kmart Corp., 13 F.3d 762, 771 (3d

Cir. 1994)).   Indeed, "[b]ecause of the possibility of contempt, an injunction 'must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law.'"  Id. (quoting Epstein Family P'ship, 13 F.3d at 771).   For this reason, the Eleventh Circuit instructs that "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." See Smyth, 420 F.3d at 1233 n.14 (quoting Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1223).   Because Part III.A. of the proposed Consent Order enjoins Defendant from any discriminatory acts in violation of the FHA, ECOA, and Regulation B, it does not appear to be framed so that Defendant knows "exactly what conduct" is prohibited.

In light of the foregoing, the Court questions the enforceability of Part III.A. of the proposed Consent Order, and determines that the Motion should be denied without prejudice to the filing of a renewed motion.   In the renewed motion, the parties must either submit a memorandum of law in support of this provision or amend the proposed Consent Order to address the Court's concerns.   Accordingly, it is

**ORDERED:**

1. The Joint Motion for Entry of Consent Order (Doc. 2) is **DENIED without prejudice** to the filing of a renewed motion which addresses the issue raised in this Order.

2.  The parties shall have up to and including **December 1, 2023**, to file

the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of

November, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record